UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNULFO FLORES, JR., personal
representative of the estate of
YOLANDA FLORES,

        Plaintiff,         Case No. 07-11288

v.         Honorable David M. Lawson

RYAN TOADVINE, DAVID BORTON,
PAUL DYE, LEO SWINEHART,
JAMES WHITEMAN, and ADAM
ONDROVICK,

        Defendants.
_____/

## ORDER DENYING EMERGENCY MOTION TO PLACE SETTLEMENT FUNDS INTO COURT

The personal representative of Yolanda Flores's estate filed this lawsuit alleging that Ms. Flores's constitutional rights were violated by Lenawee County officers while she was confined in the Lenawee County Jail. Ms. Flores died during the experience. The lawsuit was settled in August of this year and the complaint was dismissed. However, issues remain as to the distribution of the settlement proceeds, which presently are held by one of the plaintiff's attorneys, Jason Jelalian. Six motions presently are pending by various claimants to the settlement fund, including another group of attorneys who represented the plaintiff, and a creditor of Mr. Jelalian's former partner, Craig Tank. The motions are scheduled for a hearing on October 27, 2009.

Now before the Court is an emergency motion filed by Mr. Jelalian requesting permission to pay the settlement funds into court. Mr. Jelalian alleges that his partnership with Mr. Tank has broken up due to misconduct by Mr. Tank for which a criminal case is pending, Tank has engaged

in questionable practices to gain access to the settlement funds, and all other claimants have no objection to Jelalian paying the funds into a court account. Mr. Jelalian cites Local Rule 67.1(a) as authority for the relief he requests.

When funds are paid into court under authority granted by law, such as in an interpleader action under 28 U.S.C. § 1335, Local Rule 67.1 governs the procedure for receipt and disbursement of those funds. Local Rule 67.1 does not provide, however, an independent legal basis for paying funds into court. The Court finds no legal basis for granting the relief Mr. Jelalian seeks, and there are good reasons for declining it. It is apparent from the filings that several groups are competing for the funds. First, the personal representative is entitled to a share to distribute among the legal heirs of Yolanda Flores. Next, there is a claim by the several attorneys who represent the plaintiff that they are entitled to attorney's fees in an aggregate amount that exceeds one-third of the net recovery, which is not allowed under the Michigan Rules of Professional Responsibility. *See* Mich. R. Prof. Conduct 1.5; Mich. Ct. R. 8.121. There appears to be a dispute brewing between Mr. Tank and Mr. Jelalian as to the division of their portion of the attorney's fees. And a creditor of Mr. Tank claims an interest as well. It is not clear at this point whether this Court has jurisdiction to resolve some of these disputes. However, paying the money into the court will turn the court into a stakeholder and embroil it unnecessarily in the controversy. Moreover, the funds are safely on deposit in Mr. Jelalian's trust account, which he is bound to keep secure and separate under Michigan law. *See* Mich. R. Prof. Conduct 1.15.

Accordingly, it is **ORDERED** that the emergency motion by Jason Jelalian to pay settlement funds into court [dkt #169] is **DENIED**.

It is further **ORDERED** that attorney Jason Jelalian must keep the settlement funds in a secure trust account, as required by Michigan Rule of Professional Conduct 1.15, segregated from the other funds and property of the law firm and shall retain those funds until further order of the Court.

It is further **ORDERED** that no person, party, or attorney who receives notice of this Order may access or withdraw any of the settlement funds except on order of this Court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 5, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 5, 2009.

s/Lisa M. Ware
LISA M. WARE